## Richmond

VERN L. HILL, COMMISSIONER, DIVISION OF
MOTOR VEHICLES, COMMONWEALTH OF VIRGINIA

v.

BLACK & WHITE CARS, INC.

April 30, 1982.

Record No. 791768.

Present: All the Justices.

*Ronald Wayne Fahy, Assistant Attorney General (Marshall Coleman, Attorney General; Walter A. McFarlane, Deputy Attorney General; William O. Smith, Assistant Attorney General,* on briefs), for appellant.

*Wayne Lustig (Guy, Cromwell, Betz & Lustig,* on brief), for appellee.

PER CURIAM.

In this appeal of right, we are asked to decide whether the circuit court erred in overturning a tax assessment made by the Division of Motor Vehicles against Black & White Cars, Inc.

The Motor Fuel Tax Act, Code § 58-686, *et seq.,* establishes a tax on all gasoline sold in the Commonwealth. Code § 58-757.01, however, authorizes the Division to refund the taxes paid on gasoline consumed by taxicabs. The statute, at the time relevant to this suit, further provided that:

> No refund shall be granted for motor vehicle fuel taxes paid on taxicab services unless the applicant . . . demonstrates that the refund is necessary to the continued provision of such services and in the public interest under honest, economical and efficient management; provided, however, that the showing of an operating deficit for any continuous six-month period ending during the immediately preceding two-year period prior to the date of application shall be deemed prima facie evidence of the necessity for such refund . . . .

Black & White operates taxicabs in the City of Norfolk. Pursuant to the statute, the company submitted an operating statement showing a loss for the second half of 1976. Based on this statement, gasoline taxes were refunded to the company.

In 1978, the Division audited the company. It determined Black & White had improperly allocated expenses to the second half of 1976, and that "officers compensations, consisting of salary and/or bonuses, in the fiscal years 1975 to 1976, are in excess of what is considered to be reasonable in comparison to base years 1972 or 1973." The Division concluded that, after making adjustments for these items, Black & White had a profit in the second half of 1976. It, therefore, assessed the company $34,738.20, the amount of taxes refunded since January 1, 1977.

Black & White appealed the assessment to the circuit court. After an *ore tenus* hearing, the court held the refunds were necessary to the continued operation of the company and were in the public interest. It therefore "overruled" the assessment.

On appeal, the Division concedes Black & White operated at a loss for the second half of 1976. It now argues, however, that the executive salaries in 1977 and 1978 were excessive and were intended to reimburse the executives for under-compensation in past years. The Division contends the gasoline tax refunds are being used improperly to subsidize this compensation and are not necessary for the continued operation of the company.

The Division correctly asserts that a six-month operating loss is merely *prima facie* and not conclusive evidence that a taxi company is entitled to a refund. The Division is free to prove that, despite the loss, refunds are not necessary to the continued operation of the company or in the public interest. This, however, is not the route chosen by the Division. The assessment was made on the ground that there was in fact no loss in 1976, and it is on this issue that the case was tried. Having lost below, the Division, in effect, attempts to make a new assessment at the appellate level. This cannot be allowed.

The trial court heard the testimony of the expert witnesses called by the company as well as the employees of the Division. It examined the numerous financial records and exhibits. Having done so, it determined the refunds were necessary to the continued operation of the company and in the public interest and that the company was under efficient management. These rulings should

not be disturbed unless they are plainly wrong or are unsupported by the evidence. We cannot say either is the case.

Accordingly, for the reasons stated above, the judgment of the trial court will be affirmed.

*Affirmed.*